CHUN NGIT NGAN *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A NEW JERSEY CORPORATION.

No. 1612.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. F. ANDRADE, JUDGE.

SUBMITTED MAY 9, 1925.                    DECIDED MAY 11, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

Decided upon the authority of *Chun Ngit Ngan* v. *Prudential Insurance Co., ante,* 99.

Affirmed.

OPINION OF THE COURT BY PERRY, J.
(Peters, C. J., dissenting.)

The prior history of this case is recited in our opinion reported *ante,* 99. The first judgment was set aside and a new trial granted. At the second trial, by stipulation of the parties, the cause was presented to the court, jury waived, upon the evidence adduced at the first trial together with the following additional evidence on defendant's behalf:

"That Yuen Tai Kam, the insured named in the insurance policy, the subject-matter of this action, died intestate, without issue, his father, Jim Jan, and his widow, plaintiff herein, Chun Ngit Ngan, surviving him, said father and widow being residents of the Territory of Hawaii;

"That Chun Ngit Ngan, his widow, is the person named as beneficiary in the policy of insurance referred to;

"That on April 11, 1923, a petition for the appointment of an administrator of the estate of Yuen Tai Kam was filed in the circuit court of the first circuit, Territory of Hawaii, and that thereafter and on the 29th day of May, 1923, administrators of said estate were duly appointed and qualified as such; defendant's evidence relative to tender back of premiums paid and demand for surrender of policy for cancellation, relative to fraud of insured in making application for the policy which is the subject-matter of this action and relative to probate proceedings in the estate of said Yuen Tai Kam, being admitted over plaintiff's objection that the same is incompetent, irrelevant and immaterial."

Following our prior opinion the trial court thereupon entered judgment for the defendant. From that second judgment the case comes to this court on a writ of error.

In addition to relying upon its former briefs and the former opinion of this court, the insurance company now presents the following contentions: (1) that "the notice

by the insurer to Chun Ngit Ngan of the repudiation of the policy, tender to her of the premium paid and demand for return of the policy was a rescission of such policy and therefore a contest thereof" and (2) that "the insurer herein contested the policy sued upon by judicial action within the period of contestability allowed by the policy," due to the fact, as it is further contended, that the time elapsing from the date of the death of insured to the date of the appointment of the administrators should not be considered as a part of the period of one year referred to in the clause of incontestability.

We deem it to be unnecessary to consider either of these contentions. Upon the reasoning contained in our former opinion, the judgment for the defendant is affirmed.

*Thompson, Cathcart & Beebe* for plaintiff in error.

*Frear, Prosser, Anderson & Marx* and *A. E. Steadman* for defendant in error.

### DISSENTING OPINION OF PETERS, C. J.

Nothing has been called to my attention to cause me to doubt the conclusions that I heretofore reached upon the former hearing. Under the circumstances I respectfully dissent from the majority.